**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| IMANI A. MAHDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  16-1093-CRC |
| | ) | |
| | ) | |
| PATRICK J. MURPHY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter, brought pro se under Title VII of the Civil Rights Act, is before the Court on Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue and Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff has not complied with the order to respond to Defendant's Motion to Dismiss by November 7, 2016.  See Oct. 3, 2016 Order [ECF No. 9].  Therefore, the Court finds Defendant's arguments for dismissal to be conceded.  See generally Def.'s Mem. in Support of Mot. to Dismiss.

Title VII's venue provision requires such actions to be brought in the judicial district in the State where (1) the unlawful employment practice is alleged to have occurred; (2) the relevant employment records are maintained and administered; or (3) the plaintiff would have worked but for the alleged unlawful practice.  42 U.S.C. § 2000e-5(f)(3).  If the defendant "is not found within any such district," the action may be brought in the judicial district in the State where defendant's principal office is located.  Id.

1

It is clear from the allegations in the complaint that this action arose from Plaintiff's employment in Fort Belvoir, Virginia, which is also the location of Defendant's principal office. See Def.'s Mem. at 6. Given Plaintiff's inaction, the interests of justice would not be served by transferring this case to the U.S. District Court for the Eastern District of Virginia. Therefore, the Court will grant Defendant's motion to dismiss under Rule 12(b)(3) and dismiss the case without prejudice. A separate Order accompanies this Memorandum Opinion.

_____s/_____
CHRISTOPHER R. COOPER
DATE: December 21, 2016          United States District Judge